ALJOSA DOBRE et al., Appellants, v CHARLES RUSTIN HOLZER et al., Respondents. [918 NYS2d 205]—

The defendant Riverdale Riding Corporation, doing business as River Ridge Equestrian Center, operates a public stable and riding facility in Westchester County (hereinafter the facility) pursuant to a lease with Westchester County. The plaintiffs are the owners of horses individually boarded at the facility pursuant to month-to-month agreements (hereinafter the boarding agreements), which provide, inter alia, that either party may cancel the boarding agreements at any time for any reason, on 30 days' written notice.

By letters dated July 10, 2009, the defendants notified each of the plaintiffs that they were terminating the boarding agreements, and the plaintiffs were to remove their horses within 10 days of service of the letter. By letters dated July 31, 2009, the defendants notified each of the plaintiffs that their boarding agreements were terminated as of July 10, 2009, and they were required to remove their horses within 20 days of service of the letter, or the animals would be deemed abandoned under section 331 of the New York Agriculture and Markets Law.

The Supreme Court properly searched the record and awarded

the defendants summary judgment dismissing the complaint. The record revealed that the defendants were entitled to judgment as a matter of law dismissing the complaint because the boarding agreements were terminated by written notice in accordance with their terms (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment as having been rendered academic by the award of summary judgment to the defendants.

In light of the foregoing, we need not reach the plaintiffs' remaining contentions. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.